IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DAVID G. HILTON; and LISA J. HILTON,

          Plaintiffs,

v.

UNITED STATES OF AMERICA,

          Defendant.

Civil Action No.:  5:25-cv-1464 (ECC/MJK)

## COMPLAINT

Plaintiffs DAVID G. HILTON ("Plaintiff David Hilton" or "Mr. Hilton") and LISA J. HILTON ("Plaintiff Lisa Hilton" or "Mrs. Hilton"), by and through their attorneys, Porter Law Group, as and for their Complaint against Defendant UNITED STATES OF AMERICA ("Defendant" or "Government"), hereby state and allege as follows:

## NATURE OF THE CASE

1. This action seeks compensatory damages for the severe personal injuries, conscious pain and suffering, and other damages suffered by Plaintiffs caused by the medical malpractice, negligence, and other wrongful conduct of Defendant, either individually and/or by and through its respective employees, agents and/or representatives, during the period from in or about September 2015, through in or about March 2024, inclusive.

2. The subject malpractice, negligence and other wrongful conduct by the Government (by and through its employees, agents and/or representatives) was committed at Northern Oswego County Health Services, Inc. ("NOCHS"), later known as NOCHS d/b/a ConnextCare, a health care center located at 5856 Scenic Avenue, Mexico, New York (hereinafter, "ConnextCare Mexico").

3.      From in or about September 2015, through in or about March 2024, inclusive, ConnextCare Mexico was, and it still is, a federally-funded health care center pursuant to the Federally Supported Health Center Assistance Act (FSHCAA), 42 U.S.C. § 233(g)-(n).

4.      From in or about September 2015, through in or about March 2024, inclusive, ConnextCare Mexico received, and it still receives, HRSA Health Center Program grant funding under 42 U.S.C. § 254b, and it has been deemed a Public Health Service employee for purposes of certain liability protections, including FTCA coverage, under 42 U.S.C. § 233(g)-(n).

5.      Accordingly, this action is brought against Defendant, and its employees, agents and/or representatives, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 and 2401(b), for all medical malpractice, negligence and other wrongful conduct by and through its employees, agents and/or representatives.

6.      Plaintiffs seek the full extent of relief available to them under the aforementioned acts and laws including, but not necessarily limited to, compensatory damages for Plaintiff David Hilton's severe personal injuries, past and future conscious pain and suffering, past and future medical expenses, other pecuniary and non-pecuniary damages, and Plaintiff Lisa Hilton's loss of society services and consortium, and her loss of household services, and such other and further relief that this Court may deem just, proper and equitable.

## **PARTIES**

7.      Plaintiff David Hilton is an individual who resides in the County of Oswego, State of New York, within the Northern District of New York.

8.      Plaintiff Lisa Hilton is an individual who resides in the County of Oswego, State of New York, within the Northern District of New York.

9. Plaintiffs are lawfully married as husband and wife, and they were lawfully married when the subject malpractice and negligence occurred, and when Plaintiff David Hilton was diagnosed as suffering from prostate cancer.

10. Defendant is the federal government and, under the FTCA, is a proper party to this action.

11. From in or about September 2015, through in or about March 2024, inclusive Defendant owned, managed, controlled and/or provided federal funding to ConnextCare Mexico.

12. From in or about September 2015, through in or about March 2024, inclusive, NOCHS did business as, and it still does business under, the assumed names "ConnextCare" and "ConnextCare Mexico," among other assumed names.

13. From in or about September 2015, through in or about March 2024, inclusive, Defendant owned, managed, controlled and/or provided federal funding to NOCHS.

14. From in or about September 2015, through in or about March 2024, inclusive, ConnextCare Mexico represented that it was, and held itself out to be, a medical facility capable of providing competent, adequate and proper medical care and treatment including, but not limited to, primary medical care in the field of Family Medicine.

15. Thomas Hanna, M.D. ("Dr. Hanna") is an individual, and a physician duly licensed to practice medicine in the State of New York.

16. Since in or about November 1996, Dr. Hanna has been duly licensed to practice medicine in the State of New York.

17. From in or about September 2015, through in or about March 2024, inclusive, Dr. Hanna had a place of business and office facility located at 5856 Scenic Avenue, Mexico, New York 13114.

18. From in or about September 2015, through in or about March 2024, inclusive, Dr. Hanna held himself out to the general public as being able to render and furnish competent, adequate and proper medical care and treatment, as a physician providing primary medical care in the field of Family Medicine.

19. From in or about September 2015, through in or about March 2024, inclusive, when Dr. Hanna rendered medical care and treatment to Plaintiff David Hilton, Dr. Hanna was employed by Defendant.

20. From in or about September 2015, through in or about March 2024, inclusive, when Dr. Hanna rendered medical care and treatment to Plaintiff, Dr. Hanna did so within the scope of his employment with Defendant.

21. From in or about September 2015, through in or about March 2024, inclusive, when Dr. Hanna rendered medical care and treatment to Plaintiff David Hilton, Dr. Hanna was employed by NOCHS.

22. From in or about September 2015, through in or about March 2024, inclusive, when Dr. Hanna rendered medical care and treatment to Plaintiff David Hilton, Dr. Hanna did so within the scope of his employment with NOCHS.

23. From in or about September 2015, through in or about March 2024, inclusive, when Dr. Hanna rendered medical care and treatment to Plaintiff David Hilton, Dr. Hanna was employed by ConnextCare Mexico.

24. From in or about September 2015, through in or about March 2024, inclusive, when Dr. Hanna rendered medical care and treatment to Plaintiff David Hilton, Dr. Hanna did so within the scope of his employment with ConnextCare Mexico.

**JURISDICTION AND VENUE**

25. This Court has original subject matter jurisdiction over Plaintiffs' claims against Defendant pursuant to 28 U.S.C. § 1346(b)(1), the FTCA, and applicable laws.

26. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

27. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(e)(1)(C) because Plaintiffs resided in this District at the time of the injury complained of herein, and no real property is involved in the action.

28. On or about December 19, 2024, Plaintiffs, by and through their legal counsel, properly presented a duly-executed Standard Form 95 (Claim for Damage, Injury or Death) to the Department of Health and Human Services ("DHHS"), pursuant to the FTCA (28 U.S.C. §§ 1346, 2401(b), et seq.), in which they asserted tort claims against the Government for the events, incidents, injuries and damages described therein, which are at issue in this matter. Copies of the Standard Form 95 and Addendum are attached hereto as **Exhibit A** (collectively, the "Claim").

29. Plaintiffs duly and properly presented the Claim to Defendant in a timely manner because it was presented to the proper federal agency within two (2) years of Plaintiffs' knowledge of the alleged medical malpractice and wrongful conduct and resulting injury.

30. By letter dated on or about January 29, 2025, a copy of which is attached hereto and incorporated herein as **Exhibit B**, Defendant, by and through the U.S. Department of Health and Human Services, acknowledged that Defendant had received Plaintiffs' Claim on December 19, 2024.

31. More than six months have passed since Plaintiffs presented the Claim, but Defendant has not rendered a decision on the Claim.

32. Based on Defendant's failure to make a final disposition of the Claim within six months after it was presented, Plaintiffs have deemed the Claim to be finally denied pursuant to 28 U.S.C. § 2675(a).

33. This action is timely filed because it has been filed within six months after denial of the Claim.

## RELEVANT FACTUAL BACKGROUND

34. Beginning in or about October 2002, Mr. Hilton sought and received primary medical care and treatment from medical providers at ConnextCare Mexico.

35. At various times from in or about October 2002, through in or about June 2024, Mr. Hilton sought and received primary medical care and treatment from Dr. Hanna at ConnextCare Mexico.

36. During the period from in or about October 2002, through in or about June 2024, inclusive, a physician-patient relationship and/or medical provider-patient relationship existed between Mr. Hilton and Dr. Hanna.

37. In or about March 2008, Dr. Hanna ordered a test to determine Mr. Hilton's prostate-specific antigen ("PSA") level.

38. On or about 3/06/08, based on a test ordered by Dr. Hanna, Mr. Hilton's PSA level was determined to be 0.45 ng/mL.

39. In or about September 2015, Dr. Hanna ordered another test to determine Mr. Hilton's PSA level.

40. On or about 9/17/15, based on a test ordered by Dr. Hanna, Mr. Hilton's PSA level was determined to be 0.53 ng/mL.

41. During the period from in or about September 2015, through in or about March 2024, inclusive, Dr. Hanna periodically ordered lab work for Mr. Hilton.

42. After September 2015, Dr. Hanna never discussed with Mr. Hilton, or recommended or ordered for him, another PSA test to screen Mr. Hilton for prostate cancer.

43. On or about March 22, 2024, Mr. Hilton underwent a CT Abdomen and Pelvis that revealed regional pelvic metastatic lymphadenopathy and widespread blastic skeletal metastatic disease.

44. On or about March 25, 2024, Mr. Hilton's PSA level was determined to be elevated at 10.42 ng/mL.

45. On or about April 3, 2024, Mr. Hilton was diagnosed with Stage IV prostate cancer.

## FIRST CAUSE OF ACTION

### (Medical Malpractice Causing Severe Personal Injuries)

46. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. In rendering medical care and treatment to Plaintiff David Hilton, Defendant (by and through its employees, agents and/or representatives) owed him a duty and responsibility to exercise reasonable care and diligence.

48. In rendering medical care and treatment to Plaintiff David Hilton, Defendant (by and through its employees, agents and/or representatives) owed him a duty and responsibility to adhere to applicable standards of medical care in the community, and to not deviate or depart from good and accepted medical practice.

49. Defendant (by and through its employees, agents and/or representatives) failed to exercise reasonable care and diligence in rendering care and treatment to Plaintiff David Hilton.

50. Defendant (by and through its employees, agents and/or representatives) failed to adhere to applicable standards of care in the community, and deviated from good and accepted medical practice, in rendering care and treatment to Plaintiff David Hilton.

51. As a direct and proximate result of Defendant's negligent acts and omissions, and medical malpractice, Plaintiff David Hilton has suffered severe personal injuries and/or damages that include, but are not necessarily limited to, the following: (a) growth, spread and progression of prostate cancer to Stage IV; (b) cancer treatment including androgen deprivation therapy (ADT) and its typical side effects; (c) progression of bone metastases; (d) high risk for further recurrence and/or further progression of cancer (and, ultimately, death); (e) diminished life expectancy; (f) generalized muscle pain/body ache; (g) fatigue; (h) past and future emotional distress and mental anguish; (i) past and future loss of enjoyment of life; (j) past and future medical expenses; (k) past and future physical limitations; (l) past and future medical treatment and procedures; (m) out-of-pocket expenses; and (n) other economic and non-economic injuries and damages.

52. Plaintiff David Hilton hereby seeks a judgment and award for compensatory damages as against Defendant on this cause of action in a fair, reasonable and substantial amount as may be awarded by the Court, together with such other and further relief as to the Court may seem just and proper.

## SECOND CAUSE OF ACTION

**(Common Law Negligence Causing Severe Personal Injuries)**

53. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. In rendering medical care and treatment to Plaintiff David Hilton, Defendant (by and through its employees, agents and/or representatives) owed him a common law duty and responsibility to use reasonable care and diligence.

55. Defendant (by and through its employees, agents and/or representatives) failed to exercise reasonable care and diligence in rendering medical care and treatment to Plaintiff David Hilton.

56. Defendant (by and through its employees, agents and/or representatives) was negligent, careless and reckless in rendering medical care and treatment to Plaintiff David Hilton.

57. As a direct and proximate result of Defendant's common law negligence, carelessness, recklessness, Plaintiff David Hilton has suffered severe personal injuries and/or damages that include, but are not necessarily limited to, the following:  (a) growth, spread and progression of prostate cancer to Stage IV; (b) cancer treatment including androgen deprivation therapy (ADT) and its typical side effects; (c) progression of bone metastases; (d) high risk for further recurrence and/or further progression of cancer (and, ultimately, death); (e) diminished life expectancy; (f) generalized muscle pain/body ache; (g) fatigue; (h) past and future emotional distress and mental anguish; (i) past and future loss of enjoyment of life; (j) past and future medical expenses; (k) past and future physical limitations; (l) past and future medical treatment and procedures; (m) out-of-pocket expenses; and (n) other economic and non-economic injuries and damages.

58. Plaintiff David Hilton hereby seeks a judgment and award for compensatory damages as against Defendant on this cause of action in a fair, reasonable and substantial amount as may be awarded by the Court, together with such other and further relief as to the Court may seem just and proper.

## THIRD CAUSE OF ACTION

**(Failure to Obtain an Adequate Informed Consent Causing Severe Personal Injuries)**

59. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. Average qualified members of the medical profession practicing the specialties of Defendant (by and through its employees, agents and/or representatives) knew the potential risks, benefits and consequences of, and the alternatives to, Defendant's choice of treatment of Plaintiff David Hilton.

61.     Defendant (by and through its employees, agents and/or representatives) knew or should have known of the potential risks, benefits and consequences of, and the alternatives to, their choice of care and treatment of Plaintiff David Hilton.

62.     Defendant (by and through its employees, agents and/or representatives) failed to adequately inform and advise Plaintiff David Hilton of the potential risks, benefits and consequences of, and the alternatives to, their choice of care and treatment.

63.     Defendant (by and through its employees, agents and/or representatives) failed to adequately explain to Plaintiff David Hilton the alternatives that were available to him.

64.     If Defendant (by and through its employees, agents and/or representatives) had adequately informed and advised Plaintiff David Hilton of the potential risks, benefits and consequences of, and the alternatives to, their choice of care and treatment, neither Plaintiff David Hilton, nor a reasonable person in his position, would have elected Defendant's choice of care and treatment.

65.     The potential risks, benefits and consequences of, and the alternatives to, Defendant's choice of care and treatment were material to a decision by Plaintiff David Hilton and would have been material to any reasonable person in his position, as to whether to follow Defendant's choice of care and treatment.

66.     The medical care and treatment rendered and afforded by Defendant (by and through its employees, agents and/or representatives) to Plaintiff David Hilton was rendered without first obtaining an adequate, informed consent.

67.     As a direct and proximate result of Defendant's failure to obtain an adequate informed consent, Plaintiff David Hilton has suffered severe personal injuries and/or damages that include, but are not necessarily limited to, the following:  (a) growth, spread and progression of prostate cancer to Stage IV; (b) cancer treatment including androgen deprivation therapy (ADT) and its typical side

effects; (c) progression of bone metastases; (d) high risk for further recurrence and/or further progression of cancer (and, ultimately, death); (e) diminished life expectancy; (f) generalized muscle pain/body ache; (g) fatigue; (h) past and future emotional distress and mental anguish; (i) past and future loss of enjoyment of life; (j) past and future medical expenses; (k) past and future physical limitations; (l) past and future medical treatment and procedures; (m) out-of-pocket expenses and (n) other economic and non-economic injuries and damages.

68. Plaintiff David Hilton hereby seeks a judgment and award for compensatory damages as against Defendant on this cause of action in a fair, reasonable and substantial amount as may be awarded by the Court, together with such other and further relief as to the Court may seem just and proper.

## FOURTH CAUSE OF ACTION

### (Loss of Consortium)

69. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70. At all relevant times, Plaintiff David Hilton and Plaintiff Lisa Hilton were lawfully married, and they resided together in their family home.

71. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff Lisa Hilton has been deprived of the love, consortium, affection, society, and services (including household services) of her husband, and she has and does continue to suffer damages as a result of her husband's injuries and ongoing medical condition.

72. Plaintiff Lisa Hilton hereby seeks a judgment and award of compensatory damages on this cause of action in a fair, reasonable and substantial amount as may be awarded by the Court, together with such other and further relief as to the Court may seem just and proper.

**WHEREFORE**, Plaintiffs hereby demand judgment as against Defendant on each cause of action, in a fair, reasonable and substantial amount as may be awarded by the Court, together with such other and further relief as to the Court may seem just and proper, including interest, costs and disbursements of this action to the fullest extent permitted by law.

DATED:  October 21, 2025

PORTER LAW GROUP
*Attorneys for Plaintiffs*

By: _____
Michael S. Porter, of Counsel (512707)
Jeffrey M. Narus, of Counsel (519967)

Office & Post Office Address
100 Madison Street, 15th Floor
Syracuse, New York 13202-2720
315.477.9900
315.477.9923 (facsimile)

**FAX SERVICE NOT ACCEPTED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID G. HILTON; and LISA J. HILTON,<br><br>          Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Civil Action No.: |

### CERTIFICATE OF MERIT UNDER N.Y. CPLR § 3012-a

I, JEFFREY M. NARUS, under penalties of perjury, hereby affirm as follows:

1. I am an attorney duly licensed to practice law in the State of New York, and I am one of the attorneys for Plaintiffs in the above action.

2. I have reviewed the facts of the case and have consulted with at least one physician who is licensed to practice in this State or another State, whom I reasonably believe is knowledgeable in the relevant issues involved in this action.

3. I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

DATED: October 21, 2025

                       _____
                       JEFFREY M. NARUS